MITTERWALLNER, Respondent, v. SUPREME LODGE OF KNIGHTS & LADIES OF THE GOLDEN STAR, Appellant. (Supreme Court, Appellate Term. May, 1902.) Action by Louise Mitterwallner against the Supreme Lodge of the Knights and Ladies of the Golden Star. W. R. Spooner, for appellant. Moses Strassman, for respondent.

PER CURIAM. A "beneficiary certificate" was issued by the defendant to the husband of the plaintiff, which certificate provided that, in the event of his death, the sum of $1,000 should be paid to his wife, this plaintiff. The laws of defendant provided that, in case of the death of the insured by suicide, 10 years or more after the granting of the certificate aforesaid, only 75 per cent. of the face value of the certificate, together with all assessments collected over two per month, should be paid to the beneficiary. The plaintiff's husband died more than 10 years after the time of the issuing of the certificate, and the defendant, claiming that he had died by suicide, paid to plaintiff a sum concededly sufficient to satisfy all provisions of the certificate, if the plaintiff's husband did commit suicide. This action was brought in the city court to recover the remaining 25 per cent. of the amount for which the deceased was insured, and the plaintiff recovered a judgment in her favor for the full amount claimed. From an affirmance of this judgment by the general term of the city court the defendant appeals to the supreme court. Among the several defenses set up in the answer of the defendant was that the defendant had paid to the plaintiff the sum of $796.64 in full payment of her claim, and that she had accepted, received, and retained said sum, knowing the same to have been paid her as a full payment thereof. In support of this claim the defendant offered in evidence a draft, indorsed by the plaintiff, in which she acknowledged the receipt of said sum as "being amount due," etc. The plaintiff's counsel thereupon offered in evidence a paper which an officer of the defendant testified was the certificate or policy issued to the deceased, and upon the back of which it appears there had been written a receipt, signed by the plaintiff, stating that she received from the defendant the sum of $796.64, "in full under this certificate, but I accept the above amount under protest." The introduction of this paper was objected to by the defendant's counsel, upon properly specified grounds, which objection was overruled, and the paper was admitted in evidence, to which admission the defendant's counsel duly excepted. The record shows that this paper was in the hands of the plaintiff's counsel, and was produced by him and shown to the plaintiff, when she was on the stand. The court, however, had, as we have seen, the certificate, upon which this protest was indorsed, identified as the certificate issued to the plaintiff's husband by an officer of the defendant, who was called to the stand for that purpose, when the certificate and indorsement had been produced by plaintiff's counsel and shown to plaintiff. It was not shown that the defendant's agents ever saw the alleged receipt, indorsed on the certificate, or knew of its existence, prior to the production of the same at the trial by plaintiff's counsel. Whether or not the indorsement of the draft by the plaintiff, and the retention by her of the proceeds thereof, with full knowledge on her part of the defendant's claim that her husband had committed suicide, and that for that reason the defendant refused to pay the full face value of the policy, constituted an accord and satisfaction, we are not called upon to decide, as the testimony now stands. It is clear, however, that, without proof connecting the defendant in some way with the receipt aforesaid, its admission was error that calls for a reversal of the judgment. The charge upon the subject of the claim of suicide is open to some criticism, but the exception to the same is somewhat too vague and general to raise an issue of law in an appeal from the city court. The evidence on the subject of suicide is much stronger than the charge of the trial justice would permit the jury to believe. See Feierstein v. Supreme Lodge, 69 App. Div. 53, 74 N. Y. Supp. 558. There are other grounds presented on this appeal, which it is not necessary to discuss, in view of the fact that the error above stated is sufficient ground for reversal. Judgment (76 N. Y. Supp. 1001) reversed, and new trial ordered, with costs to abide event.